FILED
SUPERIOR COURT
OF GUAM

2019 OCT 10 PM 4:38

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

               PLAINTIFF

               vs.

RAIMUNDO SIPSON SATUR LUDWIG,
DOB:07/06/1989,

               DEFENDANT.

CRIMINAL CASE NO: CF0747-18
**GPD POLICE REPORT NO.: 18-35606**

**DECISION AND ORDER RE: PEOPLE'S MOTION FOR DISMISSAL WITHOUT PREJUDICE**

## Introduction

This matter came before the Honorable Maria T. Cenzon on September 23, 2019 for a pre-trial conference. Defendant Raimundo Sipson Satur Ludwig ("Defendant") was represented by Zachary Taimanglo of the Public Defender's Office. Basil O'Mallan was present for the People. At the conference, the People raised an oral Motion to Dismiss the above captioned matter without prejudice. The Defendant did not have an objection to the Motion. Having heard from the parties, the Court ORDERED the above-captioned matter DISMISSED WITHOUT PREJUDICE pursuant to 8 GCA § 80.70. The Court now issues this Decision and Order memorializing its oral ruling.

## Background

Defendant is charged with three (3) counts of First Degree Criminal Sexual Conduct (As a First Degree Felony) and three (3) counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony). Indictment (Dec. 21, 2018). The charges stem from alleged intentional sexual conduct by Defendant towards a minor victim ("Victim") under the age of fourteen (14) between January 1, 2015 and December 31, 2015. *Id.*

On September 10, 2019, this Court held the first pre-trial conference on the matter. Minute Entry (Sep. 10 2019). The People indicated concerns with their ability to meet with the Victim for an interview. *Id.* The People asserted that they had a meeting scheduled with the Victim, but that the Victim had cancelled at the last'minute. *Id.* The People indicated that before they could send a plea offer to Defendant or proceed with the case, they would need more time to attempt to reach the Victim for interview. *Id.* The Court set a continued pre-trial conference for September 23, 2019. *Id.*

On September 23, 2019, the People indicated that they would not go to trial, and raised the present oral Motion to Dismiss Without Prejudice. Minute Entry (Sep. 23, 2019). The People expressed their belief that the mother of Victim was inhibiting the People's effort to locate the Victim for interview. *Id.* The People indicated that they had scheduled appointments with the Victim, but the Victim had never showed up. *Id.* The People had subsequently tried to reach out to Victim by phone every day, with no success. *Id.* The People further indicated they had tried about six times to contact the Victim the Friday before the September 23 conference. *Id.* The People stated that they had no indication that Defendant was responsible for the People's inability to contact Victim. *Id.* Defendant stated on the record that they had no objection to the Motion to Dismiss. *Id.*

## Discussion

When considering a Motion to Dismiss brought by the People under 8 GCA § 80.70(a), the Court adopts the "presumption that [the prosecutor] is acting in good faith and in the proper discharge of his duties." *People of Guam v. Gutierrez*, 2005 Guam 19 ¶ 51 (quoting *U.S. v. Greater Blouse, Skirt & Neckwear Contractors Association*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964)). Defendant did not object to the People's oral Motion to Dismiss without prejudice. The record does not reflect any basis for finding the People's Motion was brought in bad faith or emblematic of any harassment requiring judicial or statutory protection. *See Gutierrez* ¶ 49 (quoting *Rinaldi v. Unites States*, 432 US 22, 32 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g.,

charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection.")).

The Court must address the concern of the Motion being brought near the eve of trial.[1] The Court must make sure that such a tactic was not used by the People in order to gain an unfair advantage over the Defendant by jury shopping, or to lay further groundwork for a pattern of harassment. If charges are repeatedly brought then dismissed before trial, there is a concern that the Defendant is being deprived of the opportunity for vindication by an acquittal. *See Gutierrez* ¶¶ 53-54 (citing cases where prosecutorial actions evidenced these two (2) scenarios and supported the finding of the prosecution's bad faith when seeking dismissal).

Here, the timing of the People's Motion is not cause for suspect by this Court. The People raised the issue of contacting the Victim at the first September 10, 2019 pre-trial conference. On September 23, the People explained during oral argument on the Motion that they had repeatedly tried to contact the Victim in the case over the previous two weeks. They further indicated that they had tried to call the Victim several times on the Friday before the pre-trial conference, with no luck. The Court additionally accepts the People's belief that Defendant was in no way the cause of the People's difficulty reaching the Victim. The Court's examination of the record does not reveal any other possible basis for disturbing the presumption of good faith.

When the Court has no evidence of prosecutorial bad faith or even the allegation of such by Defendant, then it stands that the presumption of good faith alone "permits the [C]ourt to dismiss without prejudice." *People of Guam v. Flores*, 2009 Guam 22 ¶ 29 (quoting *U.S. v. Olson*, 846 F.2d 1103, 1114 (7th Cir. 1988)). With the good faith presumption unchallenged by Defendant, the statute generally limits the Court to "two options: grant or deny the motion to dismiss the indictment." *Gutierrez* ¶ 64 (quoting *U.S. v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982)).

---

[1] Jury Selection and Trial in the above matter was scheduled for September 25, 2019, two days after the raising of the oral Motion to Dismiss.

Importantly, no prejudice will attach here with the Court granting the Motion. The law in Guam does not generally authorize "trial courts to *sua sponte* dismiss indictments with prejudice" when considering an 8 GCA § 80.70(a) Motion. *Gutierrez* ¶ 69. Any collateral prejudice suffered by Defendant due to a dismissal without prejudice may be cured in a separate expungement proceeding when appropriate. The Court in granting the instant Motion does not foreclose this remedy.

Because there is no basis for abandoning the presumption of prosecutorial good faith, the Motion to Dismiss is GRANTED WITHOUT PREJUDICE.

### Conclusion and Order

Based on the reasons provided above, the Court hereby ORDERS **CF0747-18** DISMISSED WITHOUT PREJUDICE pursuant to 8 GCA§ 80.70 upon the voluntary dismissal of the People. The Court vacates any conditional release orders and restrictions which Defendant is ordered to follow in this case.

SO ORDERED this _____OCT 1 0 2019_____, *nunc pro tunc* to September 23, 2019.

_____
HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE
I acknowledge that a copy of the original hereto was placed in the court box of

*[signature]*

Date: OCT 1 0 2019 Time: 5
Deputy Clerk, Superior Court of Guam